UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Falco Ermert,<br><br>        Plaintiff,<br><br>    v.<br><br>RV Rental Connection, Inc.,<br><br>        Defendant. | Case No. 2:20-cv-00268-KJM-JDP<br><br>ORDER |

Under Federal Rule of Civil Procedure 25(c), plaintiff Falco Ermert moves to substitute or join Bonnie Worthington to this action as a codefendant with RV Rental Connection, Inc. (RV Rental), given that Ms. Worthington is RV Rental's sole director and shareholder. Pl.'s Mot., ECF No. 42. RV Rental and Ms. Worthington oppose the motion. Def.'s Opp'n, ECF No. 44. Mr. Ermert has replied. Pl.'s Reply, ECF No. 46. The court held a hearing on this matter on June 17, 2022, ECF No. 51. For the reasons below, the court **denies without prejudice** Mr. Ermert's motion.

**I.   BACKGROUND**

Mr. Ermert brought this copyright infringement claim against RV Rental after RV Rental used his copyright-protected photo. *See* Statement of Undisputed Facts at 2, ECF No. 23-2. In June 2021, the then-presiding district judge granted Mr. Ermert's motion for summary judgment as to liability and continued the case for trial to assess Mr. Ermert's damages. Min. Order

(June 8, 2021), ECF No. 26.  Pending trial, Ms. Worthington, as sole director and shareholder of RV Rental, dissolved the corporation.  Pl.'s Mot. at 4.  Mr. Ermert seeks to substitute or join Ms. Worthington as defendant RV Rental's transferee in interest.  *Id*. at 4–5.  The parties agree that RV Rental has no remaining assets after its dissolution.  But they disagree regarding whether RV Rental transferred its assets to Ms. Worthington upon RV Rental's dissolution.  Pl.'s Reply at 4; Def.'s Opp'n at 4.

**II.    DISCUSSION**

"[A] district court has ample discretionary power to substitute [or join] parties [ ] where a corporate dissolution or some other act affecting the capacity to sue has occurred during the pendency of an action."  *U.S. for Use of Acme Granite & Tile Co. v. F. D. Rich Co.*, 437 F.2d 549, 552 (9th Cir. 1970) (citing Fed. R. Civ. P. 25(c)).  Substitution or joinder under Rule 25(c) is proper when a plaintiff's interest in litigation could disappear without the transferee's presence as a party.  *Id.*  For litigation against a dissolved corporation in California, a plaintiff may substitute or join the corporation's shareholders, "to the extent of their pro rata share of the claim or to the extent of the corporate assets distributed to them upon dissolution of the corporation, whichever is less."  Cal. Corp. Code § 2011(a)(1).

Here, Mr. Ermert argues substitution or joinder is proper because he may not be able to recover his damages from RV Rental, which has no remaining assets after its dissolution.  Pl.'s Reply at 3–4.  The parties agree Mr. Ermert can recover his damages from Ms. Worthington, RV Rental's sole shareholder, if she received any assets from RV Rental's dissolution.  *See* Cal. Corp. Code § 2011(a)(1).  But Mr. Ermert has not shown sufficiently that Ms. Worthington is RV Rental's transferee in interest.  He points only to Ms. Worthington's status as RV Rental's sole shareholder and the timing of RV Rental's dissolution pending the trial set in the case.  Pl.'s Mot. at 4–5.

Thus, the court **denies without prejudice** Mr. Ermert's motion.  Mr. Ermert may renew his motion to substitute or join Ms. Worthington if he is able to better support his position that Ms. Worthington is RV Rental's transferee in interest.  *See Mojave Desert Holding, LLC v.*

1 | *Crocs, Inc.*, 995 F.3d 969, 977 (Fed. Cir. 2021) ("in the federal district courts, there is no time
2 | limit attached to a party moving for substitution on the basis of a transfer in interest.").
3 |     This order resolves ECF No. 42.
4 |     IT IS SO ORDERED.
5 | DATED: September 7, 2022.

                                    CHIEF UNITED STATES DISTRICT JUDGE